UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT EMERY,

                Petitioner,                Case Number: 13-11700
                                           HON. AVERN COHN

v.

ROBERT NAPEL,

                Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Vincent Emery (Petitioner), proceeding pro se, is a state inmate at the Alger Correctional Facility in Munising, Michigan. Petitioner challenges his convictions for assault with intent to do great bodily harm, armed robbery, felon in possession of a firearm, felonious assault, and possession of a firearm during the commission of a felony. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are without merit. For the reasons which follow, the petition will be denied.

### II. Background

### A. Facts

The Michigan Court of Appeals summarized the evidence adduced at trial leading to Petitioner's convictions as follows:

> This case arises from a shooting that occurred at a residence on Belding in Westland, Michigan around midnight on February 3, 2007. On that

date, Jessica Sloup received a call from defendant at about 9:00 p.m., asking her to come over to his new house and bring the man she was dating, Daniel Popovits, so they could all hang out that night. Sloup picked up Popovits when he got off work and drove him to defendant's house, arriving around midnight. Defendant was standing on the porch when they arrived and let them in the house. Another man, Jason Shuford, was present in the house when Sloup and Popovits arrived. Shortly after they arrived, defendant came out of the kitchen, sneaking around a corner with a gun pointed at Popovits. Defendant approached Popovits and pistol-whipped him on the left side of his head. Then, defendant pointed the gun at Popovits's face. When Popovits reached for the gun, defendant fired it. The bullet hit Popovits in his left forearm, and exited out his elbow. After shooting Popovits, defendant told him to empty his pockets and demanded his keys and cell phone with the gun still pointed at him. Popovits complied, emptying his pockets of his cell phone and cash. Defendant told Popovits and Sloup to leave, which they did. Sloup was driving Popovits to the hospital when they were pulled over by a police officer. A week after the incident, police arrested defendant in West Virginia.

People v. Emery, No. 282613, 2009 WL 1101534, *1 (Mich. Ct. App. Apr. 23, 2009).

## B. Procedural History

Petitioner was convicted by a jury in Wayne County Circuit Court of assault with intent to do great bodily harm, armed robbery, felon in possession of a firearm, felonious assault and possession of a firearm during the commission of a felony. On November 15, 2007, he was sentenced to one to ten years' imprisonment for the assault with intent to do great bodily harm conviction, seventeen to twenty-six years' imprisonment for the armed robbery conviction, one to five years' imprisonment for the felon-in-possession conviction, one to four years' imprisonment for the felonious assault conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) Petitioner was denied his right to the effective assistance of counsel when trial court denied Petitioner's request for removal of court-appointed attorney; (ii)

2

counsel was ineffective in failing to investigate and present a substantial defense; and (iii) sentence imposed for armed robbery conviction violated Mich. Comp. Laws § 769.34(2)(B).  The Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  People v. Emery, No. 282613, 2009 WL 1101534, *1 (Mich. Ct. App. Apr. 23, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  People v. Emery, 485 Mich. 976 (2009).

Petitioner then filed a motion for relief from judgment in the trial court raising a claim that his appellate attorney was ineffective in failing to provide factual support for the ineffective assistance of trial counsel claim raised on direct appeal.  The trial court denied the motion.  3/30/11 Opinion, People v. Emery, No. 07-006705-01-FC (Wayne County Cir. Ct).  The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision, People v. Emery, No. 309208 (Mich. Ct. App. Sept. 18, 2012); as did the Michigan Supreme Court.  People v. Emery, 493 Mich. 952 (2013).


Petitioner then filed the pending habeas petition.  He raises these claims:

I.      The trial court's denial of Emery's request for the removal of his court-imposed attorney, who refused to challenge the credibility of the complaining witnesses, deprived Emery of his state and federal constitutional right to effective assistance of counsel and his Fourteenth Amendment right to due process.

II.     Emery was denied his constitutional right to the effective assistance of counsel by his trial attorney's failure to investigate and present a defense.

III.    Emery's Sixth Amendment constitutional right to the effective assistance of counsel on his direct appeal was violated when appellate counsel failed

3

to rationalize the basis for Emery's claim, leaving it for the court to determine and rationalize.

### III.  Standard

Petitioner's claims are reviewed under 28 U.S.C. § 2254(d) which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  Wiggins v. Smith, 539 U.S. 510, 520 (2003), quoting Williams, 529 U.S. at 413.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  Wiggins, 539 U.S. at 520-21

4

(citations omitted); see also Williams, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

5

Lastly, a federal habeas court must presume the correctness of state court factual determinations.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV.  Discussion

### A.  Denial of Request for Substitute Counsel

Petitioner first claims that the trial court violated his right to due process and the effective assistance of counsel when it denied his request, made midway through the first day of trial testimony, to replace his court-appointed attorney.

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense, and  and gives an indigent criminal defendant the right to the assistance of court-appointed counsel.  See Gideon v. Wainwright, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'"  Wheat v. U.S., 486 U.S. 153, 159 (1988), quoting Strickland v. Washington, 466 U.S. 668, 689 (1984). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'"  Id., quoting U.S. v. Cronic, 466 U.S. 648, 657 n.21 (1984).  Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."  Id.

The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel.  See Morris v. Slappy,

6

461 U.S. 1, 14 (1983). Thus, "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." Ray v. Curtis, 21 F. App'x 333, 335 (6th Cir. 2001). This is so because "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." Caplin & Drysdale v. United States, 491 U.S. 617, 624 (1989).

Here, Petitioner requested substitute counsel because he did not feel his attorney was adequately questioning the credibility of prosecution witnesses. Petitioner also insisted that he wanted his attorney to recall witness Jessica Sloup so she could be cross-examined more effectively, but his attorney refused to do so. The possibility of Petitioner representing himself was briefly discussed, but Petitioner ultimately elected to proceed with counsel. Petitioner also claimed that defense counsel declined to file unspecified motions that Petitioner requested he file.

The Michigan Court of Appeals held that Petitioner failed to show good cause for appointing substitute counsel or that substitution of counsel would not unreasonably disrupt the judicial process. Emery, 2009 WL 1101534 at *2. The Court of Appeals further held that Petitioner failed to show any true difference of opinion with his attorney because his attorney attacked the credibility of prosecution witnesses by calling two witnesses who testified that Sloup identified someone other than Petitioner as the shooter. Id. The Court of Appeals said that the manner in which a witness is cross-examined "does not constitute good cause because it is not a fundamental trial tactic." Id. Finally, the Court of Appeals concluded that appointment of substitute counsel would have unreasonably disrupted the judicial process. Id.

7

The Court agrees.  A criminal defendant may not "stop the criminal justice system in its tracks" by rejecting appointed counsel for no justifiable reason.  Swiger v. Brown, 86 F. App'x 877, 882 (6th Cir. 2004).  A criminal defendant has "'no right to indefinite delays while he tries on new lawyers unless he has a reason for dissatisfaction with the old.'"  King v. Bobby, 433 F.3d 483, 493 (6th Cir. 2006), quoting U.S. v. Oreye, 263 F.3d 669, 671 (7th Cir. 2001).  The record shows that the trial court successfully and carefully balanced Petitioner's right to counsel, but not to the counsel of his choice.  The Michigan Court of Appeals' finding that Petitioner raised no justifiable reason for replacement of counsel is reasonable.  Relief is denied on this claim.

## B.  Ineffective Assistance of Trial Counsel

In his second claim, Petitioner says that trial counsel was ineffective in failing to investigate and present a defense.  This argument focuses on counsel's handling of prosecution witnesses Popovits and Sloup.  Petitioner argues that counsel should have conducted additional investigation and called several more witnesses to challenge Popovits' and Sloup's credibility.  He attaches affidavits from three (3) witnesses he says counsel was aware of and should have called: Theresa Ayache, Tina Ely, and John Snyder.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  Id. at 689.  This "requires a showing that counsel made errors

8

so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth
Amendment." Id. at 687.

 To satisfy the prejudice prong, a petitioner must show that "there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different.  A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Id. at 694.  A court's review of counsel's
performance must be "highly deferential." Id. at 689.  Habeas relief may be granted
only if the state-court decision unreasonably applied the standard for evaluating
ineffective-assistance-of-counsel claims established by Strickland.  Knowles v.
Mirzayance, 556 U.S. 111, 122-23 (2009).  "The question is not whether a federal court
believes the state court's determination under the Strickland standard was incorrect but
whether that determination was unreasonable – a substantially higher threshold." Id. at
123 (internal quotation omitted).

 Petitioner raised this ineffective assistance of counsel claim on direct appeal.
The Michigan Court of Appeals denied the claim, stating, in relevant part:

> Next, defendant argues he was denied the effective assistance of counsel
> because his counsel failed to present evidence that would impeach the
> credibility of the victim and Sloup.  Defendant contends that because the
> only evidence that he was convicted on came from these two witnesses,
> defense counsel's outright refusal to challenge their credibility made him
> ineffective. Defendant also asserts that considering the emphasis placed
> on the victim's and Sloup's testimony, there is a reasonable probability
> that the result would have been different if not for defense counsel's
> errors.
>
>                                   . . .
>
> Defendant only raises issues involving trial strategy. Here, defense
> counsel called two witnesses, as well as defendant, in order to present
> defendant's version of events and to impeach Sloup's and the victim's
> credibility.  The decision to call or question witnesses is presumed to be a

9

matter of trial strategy.  Dixon, supra at 398, 688 N.W.2d 308.  The failure
to question a witness or present other evidence is considered ineffective
assistance of counsel only when it denies the defendant a substantial
defense.  Id.  Beyond the issue of credibility, defendant does not elaborate
on the substantial defense that his counsel failed to raise. The record
indicates that defense counsel vigorously attacked the credibility of
prosecution witnesses by calling additional witnesses at trial.  While
defendant and defense counsel did not agree on the best way to attack
the credibility of prosecution witnesses, this Court will not substitute its
judgment for that of trial counsel regarding matters of trial strategy.
People v. Davis, 250 Mich. App. 357, 368, 649 N.W.2d 94 (2002).
Therefore, defendant was not denied the effective assistance of counsel.

Emery, 2009 WL 1101534 at *2-3.

As noted above, Petitioner has attached affidavits from three witnesses he claims

counsel should have called as witnesses.  First, Petitioner attaches an affidavit of

Theresa Ayache, dated May 29, 2009.  Ayache states that in May 2007, Sloup, who

Ayache had known for nine years, told Ayache that Sloup and Popovits would have the

charges against Petitioner dropped for $2,500.  Ayache states that she informed

Petitioner's attorney that she wanted to testify at trial, but defense counsel never

contacted her.  Second, Petitioner attaches an affidavit of Tina Ely, also dated May 29,

2009.  Ely states that, at the time of the shooting, she lived near Sloup.  In April 2007,

Ely was driving by Sloup's residence when she saw Sloup and Popovits standing

outside.  She stopped to talk with them and they told her they would have the charges

against Petitioner dismissed if Ely paid them $2,500.  Ely also stated that, a few months

later, Sloup again offered to arrange for dismissal of the charges in exchange for

$2,500.  Ely stated that she contacted Petitioner's defense attorney, who promised to

contact her for an interview, but failed to do so.  Finally, Petitioner attaches an affidavit

of John Snyder, dated May 25, 2009.  Snyder states that Sloup sent him a letter

10

sometime before Petitioner's trial, stating that Popovits tried to rob Petitioner at knife-point, but Popovits was shot by someone else who was in the home.  Snyder also states that he sent the letter to Petitioner's trial attorney, but he was never contacted by counsel.

These affidavits each suffer from credibility problems.  There is no indication that Ayache or Ely had a special relationship with Petitioner such that Sloup would expect that either would pay $2,500 for her to recant the allegations against him.  All three affidavits are executed two years after the crimes occurred.  While each of the affiants states that he or she advised counsel of a willingness to testify, the unexplained delay of two years in the execution of the affidavits, renders these statements suspect.  In addition, Petitioner waited approximately twenty months after the affidavits were executed to file a motion for relief from judgment raising this claim.  See McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 1935 (2013) (holding that, when a petitioner presents an affidavit claiming it supports his innocence, the petitioner does not have to "prove diligence to cross a federal court's threshold," but timing is "a factor relevant in evaluating the reliability of a petitioner's proof of innocence").

Moreover, defense counsel did present two witnesses whose testimony contradicted Sloup's.  Jason Hicks testified that in March 2007 he discussed the incident at Petitioner's house with Sloup.  Sloup telephoned him and told Hicks that she and Popovits went to Petitiner's house with the intention of robbing Petitioner and that Jason Shuford shot Popovits.  Hicks testified that she also told him that Shuford wanted to pay her to place the blame for the shooting on Petitioner.  Brandon Secreto testified that Sloup, who was a member of his family, telephoned him in April 2007.  Sloup

11

reportedly told Secreto that she and Popovits went to see Petitioner on the night of the shooting with the intention of selling him some vicodin.  When they arrived, Jason Shuford was also at the home.  Sloup told Secreto that an argument broke out and Shuford shot Popovits in the arm.

Thus, trial counsel effectively placed before the jury questions about Sloup's and Popovits' credibility, both through the testimony of Hicks and Secreto and through the cross-examination of Sloup and Popovits.  Given the high level of deference that must be afforded to the Michigan Court of Appeals' decision that counsel was not ineffective, the Court concludes that Petitioner has failed to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks omitted).  See Pinholster, 131 S.Ct. at 1426 ("The benchmark for judging any claim of ineffectiveness under Strickland must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."), citing Strickland, 466 U.S. at 686 (internal citations and alterations omitted).  Petitioner is therefore not entitled to habeas relief on this claim.

### C.  Ineffective Assistance of Appellate Counsel Claim

Finally, Petitioner claims that his appellate attorney was ineffective in his presentation of the ineffective assistance of counsel claims on direct appeal.  Petitioner argues that counsel failed to provide factual support for these claims.

The right to effective assistance of counsel extends to first-tier appellate review. Evitts v. Lucey, 469 U.S. 387, 396 (1984).  Ineffective assistance of appellate counsel claims are governed by Strickland's two-prong standard.  McFarland v. Yukins, 356

12

F.3d 688, 699 (6th Cir. 2004).  Thus, Petitioner must show that counsel's representation

was deficient and that he was prejudiced by counsel's deficient performance.

Strickland, 466 U.S. at 687.  Counsel is given wide latitude in choosing the issues to be

presented on appeal and the manner in which to present those issues.  Jones v.

Barnes, 463 U.S. 745, 754 (1983).

The trial court denied Petitioner's ineffective assistance of appellate counsel

claim in its order denying his motion for relief from judgment.  The trial court held that

Petitioner failed to show that his appellate attorney omitted any factual support or

portions of the record that would have better substantiated Petitioner's ineffective

assistance of appellate counsel claims.  3/30/11 Opinion at 4, People v. Emery, No. 07-

006705-01.  Additionally, the trial court found no reasonable likelihood that the

supplemental evidence Petitioner claims counsel should have presented on appeal

prejudiced the appeal.  Id.

The trial court's determination was neither contrary to, nor an unreasonable

application of, clearly established constitutional law.  Appellate counsel did not ignore

the ineffective assistance of counsel issues, but made a judgment as to how best to

present these claims.  Petitioner has not shown that counsel's approach was outside

the wide range of professional norms nor has he shown that another approach was

clearly superior.  Habeas relief is denied on this claim.

## V.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's

claims, nor conclude that the issues deserve encouragement to proceed further. The

Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. §

2253(c)(2).  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

      SO ORDERED.


                S/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE

Dated: May 11, 2015
      Detroit, Michigan