UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT EMERY,

                Petitioner,               Case Number: 13-11700
                                               HON. AVERN COHN

v.

ROBERT NAPEL,

                Respondent.

_____/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (Doc. 14)**

I.

      This is a habeas case under 28 U.S.C. § 2254.  On May 11, 2015, the Court issued a denied the petition for lack of merit (Doc. 12).  Before the Court is Petitioner's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).  (Doc. 14).  He argues that the Court erred in denying his claim that trial counsel was ineffective in failing to investigate and present a defense.  For the reasons that follow, the motion will be denied.

II.

      The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion."  Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).  Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent

manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).

However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of

judgment.'"  Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008), quoting 11 C.

Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995).

"A motion to alter or reconsider a judgment is an extraordinary remedy and should be

granted sparingly."  Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904 F. Supp. 644,

669 (N.D. Ohio 1995).

III.

Petitioner argued in his petition that trial counsel was ineffective in failing to

investigate and present a defense in several respects.  Relevant to the pending motion

is Petitioner's allegation that counsel was ineffective in failing to call potential defense

witnesses Theresa Ayache and Tina Ely.  He argued that Ayache and Ely would both

have testified that a key prosecution witness, Jessica Sloup, offered to arrange for the

dismissal of charges against Petitioner in exchange for $2,500.  He attached supporting

affidavits from Ayache and Ely to his petition.  In denying habeas relief, the Court found

these affidavits suspect for several reasons:  neither Ayache nor Ely appeared to have a

special relationship with Petitioner such that Sloup would expect either to pay $2,500 for

her to recant her allegations; the affidavits were executed over two years after the crime

occurred; no explanation was offered for the delay in the execution of the affidavits; and

Petitioner waited twenty months after the affidavits were executed to file a motion for

relief from judgment raising this claim.  The Court therefore concluded that Petitioner

failed to establish that counsel was ineffective for failing to call these witnesses or that

2

the state court's finding in this regard was unreasonable.

Here, Petitioner argues that the Court's decision should be corrected because it depended upon an error of fact. Petitioner says that Sloup had a logical reason for expecting Ayache and Ely to pay her to recant her testimony – he states that Ayache is his mother and Ely is his sister. Neither attested to this familial relationship in her affidavit, nor did Petitioner mention it in the petition. Nevertheless, even assuming that the relationships are as Petitioner states, this is no basis for relief. Petitioner has not alleged a clear error of law or an intervening change in the law. His familial relationship with Ayache and Ely is also not newly-discovered evidence as it was known to him well before the filing of the habeas petition. See GenCorp., Inc., v. International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (finding that to constitute newly discovered evidence, the evidence must have been "previously unavailable"). Finally, there is no manifest injustice in the Court's decision. According to these affidavits, trial counsel was clearly aware of the witnesses and the decision not to call them is presumed to be a matter of trial strategy. Strickland v. Washington, 466 U.S. 668, 689 (19840. Petitioner failed to overcome the presumption that trial counsel's conduct was sound trial strategy. See Roush v. Burt, 313 F. App'x 754, 761 (6th Cir.2008) (finding no reason to deem counsel ineffective for failing to call a witness where the record showed that counsel had investigated the witness).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 29, 2016
        Detroit, Michigan